UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK HENDEN,

    Plaintiff,                          Case No. 2:17-cv-11564

v.                                    HONORABLE STEPHEN J. MURPHY, III

WILLIE SMITH,

    Defendant.

_____/

## OPINION AND ORDER DENYING
## PETITION FOR HABEAS CORPUS, DENYING CERTIFICATE
## OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Kirk Henden is incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan and filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury in the Wayne Circuit Court convicted Henden of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and kidnapping, Mich. Comp. Laws § 750.349. He was sentenced to concurrent terms of 15 to 30 years imprisonment. The petition raises two claims: (1) the trial court lacked jurisdiction to try Petitioner because the criminal statutes do not contain an enacting clause, and (2) the trial court lacked jurisdiction to try Petitioner because the criminal statutes do not contain a title. For the reasons stated below, the petition for writ of habeas corpus is summarily denied. The Court will also deny Petitioner a certificate of appealability and permission to appeal in forma pauperis.

## DISCUSSION

Federal courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. After undertaking the review

required by Rule 4, the Court concludes that Petitioner's habeas claims are meritless, and the petition is subject to summary dismissal.

Petitioner argues that the Wayne County Circuit Court lacked subject matter jurisdiction over his case because the criminal-sexual-conduct and kidnaping statutes lacked an enacting clause and title, as required by Article IV, §§ 23 and 24 of the Michigan Constitution. The argument is meritless.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976). "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law only, because it questions the interpretation of Michigan law. It is therefore not cognizable in federal habeas review. *See Toler v. McGinnis,* 23 F. App'x 259, 266 (6th Cir. 2001).

Petitioner's related allegation that the Michigan Legislature violated Article IV of the Michigan Constitution in enacting the criminal statute underlying his convictions also fails to present a cognizable question on federal habeas review. A habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. *See Hudson v. Berghuis,* 174 F. App'x 948, 952, n.1 (6th Cir. 2006)*; see also Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). As one court noted: "the United States Constitution does not require that codification of statutes include enacting clauses and titles of the legislation." *United States v. Ramanauskas,* No. CRIM.04-04 PAM/RLE, 2005 WL 189708, at *2 (D. Minn. Jan. 21, 2005).

## CONCLUSION

The Court will summarily deny the petition for a writ of habeas corpus and will also deny a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could agree, or at least debate, whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**SO ORDERED**.

            s/Stephen J. Murphy, III
            STEPHEN J. MURPHY, III
            United States District Judge
Dated: May 26, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2017, by electronic and/or ordinary mail.

            s/David P. Parker
            Case Manager